# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JOSEPH TAYLOR                                                                                    PLAINTIFF

V.                                                                NO: 4:06CV81-D-B

JOHN BEARRY, ET AL.                                        DEFENDANTS

## REPORT AND RECOMMENDATION

On November 1, 2006, the *pro se* plaintiff, Joseph Taylor, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff is a state inmate currently confined at the South Mississippi Correctional Institute in Leakesville, Mississippi. The Complaint alleges that on July 30, 2005, while housed at the Mississippi State Penitentiary ("MSP") in Parchman, Mississippi, plaintiff's finger was accidentally smashed and partially severed when his cell door was closed from the tower. He states corrections officers immediately notified Defendant Nurse Vicky that he was in severe pain and was bleeding profusely. Nurse Vicky said she would send an ambulance and directed officers to take plaintiff to a holding cell for pick-up. Plaintiff was transferred to the holding cell around noon. Because plaintiff was losing a large amount of blood, other inmates in the holding cell tried to get the attention of guards by banging on the bars. Plaintiff states someone ("John

Doe" # 1) was in the control room, but failed to respond to the inmates' pleas. Later, Defendant Lt. Harris entered the holding cell to do a count. When plaintiff asked Harris to call the hospital, Harris refused and told him that someone was on the way.

About an hour later, the hospital was contacted again, and Nurse Vicky explained that Nurse "Jane Doe" had stopped the pick-up because she intended to visit plaintiff's unit to perform "chronic care." Nurse "Doe" arrived at plaintiff's unit shortly after 2:30 p.m. Nurse "Doe" determined that plaintiff's condition was more serious than she had anticipated and had him immediately transported to the hospital facility.

About an hour after arriving at the hospital, a doctor examined plaintiff's finger and made arrangements for him to be transported out to a local hospital. Around 6:00 p.m., plaintiff was taken to the Bolivar County Hospital in Cleveland, Mississippi. He was told by a doctor that he would have surgery the next day, but that the tip of his finger could not be saved.

Following this incident, plaintiff filed a grievance based on delay of medical treatment by medical staff. Plaintiff claims Defendants Bearry, Kelly and Epps failed to respond to his "specific complaint" of delay of treatment by nursing staff. He further claims his letter regarding the incident was referred to Defendant Norma Evans for disposition, but Evans failed to take any action or investigate the matter. Lastly, plaintiff claims that "John Doe #2," the Area I watch commander, was informed about his accident and serious injury, yet made no attempt "ensure" that he be transported to the hospital.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the

2

Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985).

Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

Plaintiff has failed to allege facts that rise to the level of a constitutional claim against the defendants. Indeed, as regards Defendants Bearry, Kelly, Epps and Evans, plaintiff has failed to state what constitutional right has been violated. And, contrary to plaintiff's allegations, ARP forms attached to the Complaint indicate Bearry, Kelly and Epps each investigated and responded to plaintiff's grievance.

As concerns the two "John Doe" defendants, plaintiff has failed to sufficiently allege facts indicating these persons knowingly and intentionally delayed medical care. And, as regards Defendants Vicky "Doe" and "Jane Doe," plaintiff has not adequately alleged these defendants

3

were deliberately indifferent to his medical needs. Plaintiff's Complaint states that Nurse Vicky immediately made arrangements to have him transported to the hospital after receiving a report of the accident. And, it shows that Nurse "Jane Doe" cancelled the hospital pick-up only after determining that she could handle the situation by performing "chronic care." When her examination of plaintiff revealed his condition was more critical than suspected, Nurse "Jane Doe" had plaintiff immediately transported to the facility hospital for treatment.

Based on the foregoing, I find plaintiff has failed to state a constitutional claim; and it is my recommendation that the Complaint be dismissed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 3rd day of November, 2006.

                                        **/s/ Eugene M. Bogen**
                                        **UNITED STATES MAGISTRATE JUDGE**