# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JOSEPH TAYLOR                                                PLAINTIFF

v.                                                              No. 4:06CV81-GHD-DAS

SUE RADINGER, NURSE                                        DEFENDANT

## ORDER FOR SERVICE OF PROCESS

Upon further review of the record of this case filed pursuant to 42 U.S.C. § 1983, the court finds that by Order of this court dated August 14, 2009, the pro se prisoner plaintiff was ordered to provide an address to the court for service of process of the sole remaining defendant, Sue Radinger (#52). That Order was not filed by the clerk, however, until September 15, 2009. The Order gave the plaintiff until September 14, 2009 to comply. By his acknowledgment form filed on October 5, 2009, the plaintiff acknowledged receipt of the court's Order, but by his handwritten note indicated that he assumed the September 14 deadline was a mistake and that his deadline to comply with the Order was October 14, 2009 (# 53). The plaintiff further indicated that he had no means of finding Radinger's address and that he would be requesting an attorney. By Order dated October 7, 2009 the court denied the plaintiff's request for an attorney.

The court is obligated to issue and have the United States Marshal serve process in an *in forma pauperis* case when the plaintiff has taken reasonable steps to identify the defendants to the lawsuit. *See Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446-47 (5th Cir. 1996). *See also Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996) (holding that an inmate need provide no more information than necessary to identify the defendant). Though the defendant has been sufficiently identified in this case, the record indicates that the business address

supplied to the court is insufficient for service of process. Accordingly, the USM will be required to search for a personal address for the defendant and serve the defendant at said address. *See Ellibee v. Leonard*, 226 Fed. App'x 351, 359 (5th Cir. 2007) (per curiam). *See also Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (cited with approval in *Walker v. Navarro County Jail*, No. 3:91-CV-1690-D, 1997 WL 42523, at *2-3 (N.D. Tex. Jan. 24, 1997)) (holding USM must make "reasonable efforts" to obtain new addresses for defendants who worked in the prison system during relevant time period, but who have subsequently changed jobs).

**THEREFORE, IT IS ORDERED:**

1. That the clerk shall forthwith issue a summons for Defendant Sue Radinger and provide the U. S. Marshal with the summons, a copy of the complaint, and this order.

2. That the U. S. Marshal shall exercise due diligence to serve the defendant with the summons and a copy of the complaint, including searching for a personal address for the defendant and serving her at that address.

3. The U.S. Marshal shall have 120 days from this date in which to serve the defendant. Should the U.S. Marshal fail to effect service upon the defendant within the time specified herein, this action may be dismissed pursuant to FED.R.CIV.P. 4(m) for failure to timely effect service of process.

This 29th day of October, 2009.

/s/ David A. Sanders
U. S. Magistrate Judge